UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                          )
                                                )
EUGENIO E. PIZARRO, and                         )
LAURA L. PIZARRO,                               )   Case No.: 22-12261 JGR
                                                )   Chapter 13
Debtors.                                        )   Date filed: 6/24/22

**DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTION**

**COME NOW** the Debtors through counsel and respond as follows to the trustee's objections to the debtors' claims of exemption:

FACTUAL BACKGROUND

1. Debtors filed a joint petition under chapter 13 on 6/24/22.

2. With the filing of their petition, debtors filed Schedules A/B & C which identified, disclosed, and exempted certain personal and real property owned by the debtors.

3. The trustee filed his objection to property claimed as exempt at docket no. 25.

4. The trustee has objected to the following property claimed as exempt by the debtors:

   A. 2012 Toyota Tundra;

   B. 2015 Honda SXS 500M2 UTV;

   C. $4,000 of gold and silver coins; &

   D. 5 other motor vehicles.

5. Debtor husband works at a casino in Cripple Creek, CO. This is a full time position. On top of this, he works in 2 other businesses from which he has income: an information technology and surveillance business known as Onsite Fox and he works as a realtor. Most of the income and expense to Onsite Fox has come from the installation of security cameras.

6. The 2012 Toyota Tundra is used in the business known as Onsite Fox to transport cameras, hand tools, ladders, wiring, and other equipment to job sites. Debtors

      would note that it is the gross income from this business which compels the debtors to go 60 months with the plan in this case. If the costs of goods sold were considered and deducted, debtors' gross income would be below the median.

7. The 2015 Honda is a utility vehicle which the husband uses in the real estate business. (Debtor husband provided a profit and loss for this business at the request of the trustee. That is attached as **Exhibit A**.)

8. Both items A & B above are exempted pursuant to CRS § 13-54-102(1)(I).

9. Item C above is exempted pursuant to CRS § 13-54-104(2)(a), because the gold coins are traceable to wages.

10. Debtors agree in general that debtors are limited to 4 other vehicles which they can exempt: 2 per person.

### ISSUE FOR THE COURT'S REVIEW

11. What exemptions, if any, are inappropriate in this case.

### DISCUSSION

12. The trustee's objection is not well taken. In the event of a dispute in relation to an exemption the objecting party, in this case the trustee, has the burden of proof. *In re Larson*, 260 B.R. 174, 186 [1-2] (Bankr.Colo. 2001).

13. The trustee argues first that there is not a sufficient connection between the businesses operated by the debtor husband and his claim of exemption in the two motor vehicles.

14. Debtor husband installs surveillance equipment. This includes installing exterior cameras at job sites. The pickup is the vehicle used to transport his equipment. Debtors would note that the reason why they have income above the median is the income from this business. This is by no means a hobby business and, without doubt, husband would not be able to conduct this business without the 2012 Toyota Tundra. By way of explanation, cameras are normally placed high up on the structure of buildings. This involves installing them with ladders, wiring, and other exterior fixtures. The wiring is then connected to a computer system inside the business which records 24/7 the images which appear in the field of vision of the cameras. This business cannot be conducted without use of the pickup. Debtors have found at least 2 cases from this jurisdiction which support the debtors' claims of exemption and both cases suggest that the debtors' claims are well taken. See Judge Campbell's decision in *In re Black*, 280 B.R. 258 (Bankr.Colo. 2005) and Judge Brook's decision in *In re Sharp*, 12-21611, docket no. 59 (Bankr.Colo. 2013).

15. In like fashion, debtor husband--as a realtor--sells raw land in Teller and Park Counties. The 2015 Honda UTV is used to find raw lands for sale and to show the raw land to the public. Not being able to show the land for sale to the public would be a significant drawback to this business.

16. The parties own gold and silver coins. Debtors have claimed an 80% exemption in these. Debtors would testify that they are traceable to wages. Wages do not lose their exemption simply because they are held in cash. Debtors would note in general that cash is not subject to creditors under CRS § 13-59-102 which provides as follows: "No execution shall issue against the body of any defendant in a civil action." Accordingly, the coins are at least 80% exempt and are likely 100% exempt as a holding in cash.

17. It is wise for the Court to adopt an interpretation of the statute which encourages the debtors to save or to segregate funds against the future needs of their family which in this age has become increasingly more unpredictable. The debtors would testify that the coins, in particular, were set aside to pay medical expenses for their son who was diagnosed with a rare form of cancer.

18. In general, it can be shown that the other items claimed as exempt have a sound basis and are directly related to the debtors' businesses. The trustee cannot have it both ways: objecting to the business equipment on the one hand, but including the business income for purposes of the means test. Debtors would happily waive the exemptions if the trustee on his part dropped his objection to the plan insisting that the plan be for 60 months.

## CONCLUSION

19. With the above discussion in mind, the debtors request that the Court deny the trustee's objection to the debtors' claims of exemption; except that the debtors agree that they can only claim 4 other motor vehicles as exempt. This will be corrected with the next plan.

Respectfully submitted this 14th day of September, 2022.

LAW OFFICE OF STEPHEN H. SWIFT, P.C.

 /s/ Stephen H. Swift
Stephen H. Swift, #14766
Attorney for the Debtors
733 East Costilla, Suites A and B
Colorado Springs, CO  80903
Tel. (719) 520-0164

CERTIFICATE OF SERVICE

I certify that the following persons have been served a copy of this pleading this 14th day of September, 2022 as follows:

| VIA EMAIL TO: Debtor | VIA ECF TO: Douglas B. Kiel, Esq. |
|---|---|
| EFILED: Clerk, US Bankruptcy Court | VIA ECF: Office of the US Trustee |

_/s/ Stephen H. Swift_____